**FILED**
CLERK, U.S. DISTRICT COURT
06/12/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: _____IGU_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

March 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>    v.<br><br>TIEN VO,<br>CRYSTAL NGUYEN,<br>THAO NGUYEN, and<br>MICHELLE STRANGE,<br><br>  Defendants. | No.  8:24-cr-00075-DOC<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1344(2): Bank Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 1029(a)(3): Possession of Fifteen or More Unauthorized Access Devices; 18 U.S.C. § 2(a): Aiding and Abetting; 18 U.S.C. §§ 982 and 1029: Criminal Forfeiture] |

The Grand Jury charges:

COUNTS ONE THROUGH TWENTY-TWO

[18 U.S.C. §§ 1344(2), 2(a)]

[ALL DEFENDANTS]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1. The California Employment Development Department ("EDD") administered unemployment insurance benefits ("UI benefits") for residents of California, including Pandemic Unemployment Assistance benefits ("pandemic benefits") to individuals who were unemployed as a result of the Covid-19 pandemic.

2. Applications for UI benefits, including pandemic benefits, could be submitted to EDD.  An applicant who applied for UI benefits would provide information relating to the application, including the applicant's mailing address.

3. Individuals who resided outside California or were deceased were ineligible for UI benefits.

4. EDD determined which applicants were entitled to receive UI benefits.  This determination could rely, in part, on confirmations of certain information from the applicant's employer.

5. If EDD approved the application and granted UI benefits to the applicant, EDD would create a debit account with Bank of America, N.A. ("Bank of America").  EDD funded those debit accounts by having funds drawn from the United States Treasury in Washington, D.C., and wired to Bank of America.

6. A debit card linked to the EDD debit account with Bank of America and bearing the name of the benefits recipient (the "UI debit card") would be mailed to the applicant's address on file by Bank of America. Bank of America mailed the UI debit cards from a state outside of California. The applicant could activate the UI debit card and set up the personal identification number ("PIN") tied to the card.

7. The UI debit card could be used at automated teller machines ("ATMs"), including ATMs operated by Bank of America, to withdraw the benefits funds from the EDD debit account with Bank of America for that individual. To withdraw money at the ATM, a UI debit card holder would need to use the UI debit card and enter the PIN.

8. Bank of America utilized debit processing services located in Colorado and Virginia to create accounts, load funds, and post payments for UI debit cards. When a withdrawal was made from an account using a UI debit card, information was sent electronically to servers in Colorado and Virginia to post a debit to the account.

9. Once approved for pandemic benefits, the recipient of the benefits would be required to periodically re-certify under penalty of perjury that, among other things, the recipient was unemployed due to the Covid-19 pandemic and therefore remained eligible to receive pandemic benefits.

10. Bank of America was a financial institution insured by the Federal Deposit Insurance Corporation.

B.   THE SCHEME TO DEFRAUD

11.   Beginning on a date unknown to the Grand Jury, but no later than May 30, 2020, and continuing to at least on or about January 8, 2022, in Orange County, within the Central District of California, and elsewhere, defendants TIEN VO ("VO"), CRYSTAL NGUYEN ("C. NGUYEN"), THAO NGUYEN ("T. NGUYEN"), and MICHELLE STRANGE ("STRANGE"), together with others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised and executed a scheme to obtain monies in the custody and control of Bank of America, by means of materially false and fraudulent pretenses and representations, and the concealment of material facts.

12.   The fraudulent scheme operated and was carried out as follows:

   a.   Co-schemers would submit fraudulent applications to EDD for UI benefits in the names of identity theft victims.

   b.   For any fraudulent application that EDD granted, a UI debit card linked to a debit account with Bank of America would be sent to the mailing address listed on the respective fraudulent application.  These accounts would be loaded with UI benefits funds.

   c.   Defendants VO, C. NGUYEN, T. NGUYEN, and STRANGE, together with others known and unknown to the Grand Jury, would obtain the fraudulently acquired UI debit cards issued in the victims' names and use them at ATMs to withdraw UI benefits funds.

13. In doing so, defendants VO, C. NGUYEN, T. NGUYEN, and STRANGE, together with others known and unknown to the Grand Jury, falsely represented to Bank of America that they were authorized users of the victims' UI debit cards and concealed from Bank of America the fact that these UI debit cards were fraudulently obtained, as well as the fact that they did not have the victims' consent either to apply for these UI debit cards or to use the UI debit card accounts.

C.  EXECUTIONS OF THE SCHEME

14. On or about the following dates, in Orange County, within the Central District of California, and elsewhere, defendants VO, C. NGUYEN, T. NGUYEN, and STRANGE committed the following acts, each of which constituted an execution of the fraudulent scheme:

| COUNT | DEFENDANT(S) | DATE | ACT |
|---|---|---|---|
| ONE | VO AND C. NGUYEN | 7/23/20 | Defendants VO and C. NGUYEN, each aiding and abetting each other, used a UI debit card bearing the name of victim T.S. to withdraw $100 at a Bank of America ATM in Anaheim, California. |
| TWO | VO AND C. NGUYEN | 7/24/20 | Defendants VO and C. NGUYEN, each aiding and abetting each other, used a UI debit card bearing the name of victim P.A. to withdraw $40 at a Bank of America ATM in Anaheim, California. |
| THREE | VO AND C. NGUYEN | 7/24/20 | Defendants VO and C. NGUYEN, each aiding and abetting each other, used a UI debit card bearing the name of victim C.N. #1 to withdraw $50 at a Bank of America ATM in Anaheim, California. |

| COUNT | DEFENDANT(S) | DATE | ACT |
|---|---|---|---|
| FOUR | VO and STRANGE | 8/4/20 | Defendants VO and STRANGE, each aiding and abetting each other, used a UI debit card bearing the name of victim P.A. to withdraw $900 at a Bank of America ATM in Garden Grove, California. |
| FIVE | VO and STRANGE | 8/4/20 | Defendants VO and STRANGE, each aiding and abetting each other, used a UI debit card bearing the name of victim C.N. #1 to withdraw $900 at a Bank of America ATM in Garden Grove, California. |
| SIX | VO | 8/20/20 | Defendant VO used a UI debit card bearing the name of victim C.N. #2 to withdraw $500 at a Bank of America ATM in Westminster, California. |
| SEVEN | VO | 8/21/20 | Defendant VO used a UI debit card bearing the name of victim C.N. #2 to withdraw $1,000 at a Bank of America ATM in Westminster, California. |
| EIGHT | VO | 8/31/20 | Defendant VO used a UI debit card bearing the name of victim K.G. to withdraw $300 at a Bank of America ATM in Garden Grove, California. |
| NINE | VO | 8/31/20 | Defendant VO used a UI debit card bearing the name of victim P.A. to withdraw $400 at a Bank of America ATM in Garden Grove, California. |
| TEN | VO | 6/24/21 | Defendant VO used a UI debit card bearing the name of victim H.K. to withdraw $1,000 at a Bank of America ATM in Garden Grove, California. |
| ELEVEN | VO | 6/26/21 | Defendant VO used a UI debit card bearing the name of victim H.K. to withdraw $1,000 at a Bank of America ATM in Garden Grove, California. |

| COUNT | DEFENDANT(S) | DATE | ACT |
|---|---|---|---|
| TWELVE | VO | 6/28/21 | Defendant VO used a UI debit card bearing the name of victim H.K. to withdraw $500 at a Bank of America ATM in Garden Grove, California. |
| THIRTEEN | VO | 7/22/21 | Defendant VO used a UI debit card bearing the name of victim H.K. to withdraw $1,000 at a Bank of America ATM in Garden Grove, California. |
| FOURTEEN | VO | 11/9/21 | Defendant VO used a UI debit card bearing the name of victim A.L. to withdraw $1,000 at a Bank of America ATM in Garden Grove, California. |
| FIFTEEN | C. NGUYEN | 6/30/20 | Defendant C. NGUYEN used a UI debit card bearing the name of victim T.S. to withdraw $1,000 at a Bank of America ATM in Westminster, California. |
| SIXTEEN | C. NGUYEN | 6/30/20 | Defendant C. NGUYEN used a UI debit card bearing the name of victim C.N. #1 to withdraw $1,000 at a Bank of America ATM in Westminster, California. |
| SEVENTEEN | T. NGUYEN | 10/11/21 | Defendant T. NGUYEN used a UI debit card bearing the name of victim D.T. to withdraw $1,000 at a Bank of America ATM in Garden Grove, California. |
| EIGHTEEN | T. NGUYEN | 11/14/21 | Defendant T. NGUYEN used a UI debit card bearing the name of victim B.N. to withdraw $1,000 at a Bank of America ATM in Westminster, California. |
| NINETEEN | T. NGUYEN | 12/6/21 | Defendant T. NGUYEN used a UI debit card bearing the name of victim B.N. to withdraw $1,000 at a Bank of America ATM in Westminster, California. |

| COUNT | DEFENDANT(S) | DATE | ACT |
|---|---|---|---|
| TWENTY | T. NGUYEN | 12/24/21 | Defendant T. NGUYEN used a UI debit card bearing the name of victim B.N. to withdraw $1,000 at a Bank of America ATM in Westminster, California. |
| TWENTY-ONE | T. NGUYEN | 12/27/21 | Defendant T. NGUYEN used a UI debit card bearing the name of victim B.N. to withdraw $580 at a Bank of America ATM in Garden Grove, California. |
| TWENTY-TWO | T. NGUYEN | 1/8/22 | Defendant T. NGUYEN used a UI debit card bearing the name of victim D.T. to withdraw $380 at a Bank of America ATM in Westminster, California. |

COUNT TWENTY-THREE

[18 U.S.C. § 1028A(a)(1)]

[DEFENDANT VO]

15. On or about June 26, 2021, in Orange County, within the Central District of California, defendant TIEN VO knowingly possessed and used, without lawful authority, a means of identification that defendant VO knew belonged to another person, namely, the name of victim H.K., during and in relation to Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Eleven of this Indictment.

COUNT TWENTY-FOUR

[18 U.S.C. § 1028A(a)(1)]

[DEFENDANT VO]

16. On or about November 9, 2021, in Orange County, within the Central District of California, defendant TIEN VO knowingly possessed and used, without lawful authority, a means of identification that defendant VO knew belonged to another person, namely, the name of victim A.L., during and in relation to Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Fourteen of this Indictment.

COUNT TWENTY-FIVE

[18 U.S.C. § 1028A(a)(1)]

[DEFENDANT C. NGUYEN]

17.  On or about June 30, 2020, in Orange County, within the Central District of California, defendant CRYSTAL NGUYEN knowingly possessed and used, without lawful authority, a means of identification that defendant C. NGUYEN knew belonged to another person, namely, the name of victim T.S., during and in relation to Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Fifteen of this Indictment.

COUNT TWENTY-SIX

[18 U.S.C. § 1028A(a)(1)]

[DEFENDANT C. NGUYEN]

18.  On or about June 30, 2020, in Orange County, within the Central District of California, defendant CRYSTAL NGUYEN knowingly possessed and used, without lawful authority, a means of identification that defendant C. NGUYEN knew belonged to another person, namely, the name of victim C.N. #1, during and in relation to Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Sixteen of this Indictment.

COUNT TWENTY-SEVEN

[18 U.S.C. § 1028A(a)(1)]

[DEFENDANT STRANGE]

19.  On or about August 4, 2020, in Orange County, within the Central District of California, defendant MICHELLE STRANGE knowingly possessed and used, without lawful authority, a means of identification that defendant STRANGE knew belonged to another person, namely, the name of victim P.A., during and in relation to Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Four of this Indictment.

COUNT TWENTY-EIGHT

[18 U.S.C. § 1028A(a)(1)]

[DEFENDANT STRANGE]

20. On or about August 4, 2020, in Orange County, within the Central District of California, defendant MICHELLE STRANGE knowingly possessed and used, without lawful authority, a means of identification that defendant STRANGE knew belonged to another person, namely, the name of victim C.N. #1, during and in relation to Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Five of this Indictment.

COUNT TWENTY-NINE

[18 U.S.C. § 1028A(a)(1)]

[DEFENDANT T. NGUYEN]

21. On or about October 11, 2021, in Orange County, within the Central District of California, defendant THAO NGUYEN knowingly possessed and used, without lawful authority, a means of identification that defendant T. NGUYEN knew belonged to another person, namely, the name of victim D.T., during and in relation to Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Seventeen of this Indictment.

## COUNT THIRTY

[18 U.S.C. § 1028A(a)(1)]

[DEFENDANT T. NGUYEN]

22. On or about November 14, 2021, in Orange County, within the Central District of California, defendant THAO NGUYEN knowingly possessed and used, without lawful authority, a means of identification that defendant T. NGUYEN knew belonged to another person, namely, the name of victim B.N., during and in relation to Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Eighteen of this Indictment.

COUNT THIRTY-ONE

[18 U.S.C. § 1029(a)(3)]

[DEFENDANT VO]

23. On or about October 4, 2020, in Orange County, within the Central District of California, defendant TIEN VO, knowingly and with intent to defraud, possessed at least 15 unauthorized access devices (as defined in Title 18, United States Code, Sections 1029(e)(1) and (3)), namely, approximately 33 account numbers on debit cards in the name of persons other than defendant VO, with said possession affecting interstate commerce.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Thirty of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

   (a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 982 and 1029]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982(a)(2) and 1029, in the event of the defendant's conviction of the offense set forth in Count Thirty-One of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense;

    (b) Any personal property used or intended to be used to commit the offense; and

    (c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the

court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                          A TRUE BILL

                                          /s/
                                          Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

ANNE GANNON
Assistant United States Attorney
Chief, Santa Ana Branch Office

GREGORY S. SCALLY
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office

KEVIN Y. FU
Assistant United States Attorney
Santa Ana Branch Office